**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICKIE VLADO, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> CMFG LIFE INSURANCE COMPANY, <br><br> Defendant/Counter-Plaintiff. | 1:23-CV-03234 (JGLC) <br><br> **STIPULATED** <br> **PROTECTIVE ORDER** |

JESSICA G.L. CLARKE, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any party of third party to this litigation and any subpoenaed non-party in this litigation (the "Designator")

shall have the right to designate as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing: (1) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (2) that contains private or confidential personal information; or (3) that the Designator others believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order.

2.  Any party or third party to this litigation, or any non-party subpoenaed in this litigation, covered by this Order, who produces or discloses any Designated Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced or disclosed by any Designator in this litigation.

(a)  For purposes of this Order:

i. "CONFIDENTIAL" information means information, documents, or things that have not been made public

and that the Designator reasonably and in good faith believes contain(s) or compromise(s) trade secrets, proprietary business information, or information implicating an individual's legitimate expectation of privacy.

ii. "HIGHLY CONFIDENTIAL[-ATTORNEYS' EYES ONLY]" information means HIGHLY CONFIDENTIAL information that the Designator reasonably and in good faith believes contain(s) or comprise(s) information that is so highly sensitive that its disclosure to anyone other than attorneys for parties to this litigation would create a substantial risk of serious harm to the Designator (including but not limited to harm of a competitive or commercial nature), or to the public at large, that could not be avoided by less restrictive means.

3. With respect to the Confidential or Highly Confidential portion of any Designated Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or

audibility, and by also producing for future public use another copy of said Designated Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Designated Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Designated Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

5. No person subject to this Order other than the Designator shall disclose any of the Designated Material designated by the Designator as Confidential to any other person whomsoever, except to:

    (a)   the parties to this action;

    (b)   counsel retained specifically for this

action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Designated Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and

shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.   Designated Material that is designated as "Highly Confidential-Attorneys' Eyes Only" may only be disclosed to persons referred to in subparagraphs 5(b),(c),(f) and (g) above.

8.   All Confidential or Highly Confidential Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Designated Material, ~~shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Highly Confidential Designated Material itself, and not text that in no material~~ **shall be filed consistent with the Court's Individual Rules regarding redactions and filing under seal.**

6

~~way reveals the Confidential or Highly Confidential Designated Material.~~

9. Any party who either objects to any designation of confidentiality (whether Confidential or Highly Confidential), or who, by contrast, requests still further limits on disclosure , may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. The party served with such objection or request shall respond to such objection or request within seven (7) days of its receipt.  The parties are then ordered to confer and attempt to resolve the dispute regarding the designation of the document. If agreement cannot be reached promptly, counsel for all affected persons ~~will convene a joint telephone call with the Court to obtain a ruling.~~ **will follow the Court's Individual Rule 3(k) regarding discovery disputes.**

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Designated Material introduced in evidence at trial, even if such material has previously been sealed or designated  as Confidential or Highly Confidential-Attorneys' Eyes Only. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or Highly Confidential document(s) or information contained in such document(s) submitted to the

Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Designated Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned

or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, **to the extent permitted by the Court** and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17. Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. This Order may be modified or supplemented by further order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition

of this action, all Designated Material designated as "Confidential" or "Highly Confidential[,]" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| */s/ Eric Au* | */s/ Eyal Dror* |
| Eric Au | Eyal Dror |
| FAEGRE DRINKER BIDDLE & REATH LLP | TRIEF & OLK |
| One Logan Square, Ste. 2000 | 750 Third Avenue, Suite 2902 |
| Philadelphia, PA 19103 | New York, NY 10017 |
| Tel.: (215) 988-2700 | Tel.: (212) 486-6060 |
| Eric.Au@faegredrinker.com | EDror@triefandolk.com |
| *Counsel for Defendant* | *Counsel for Plaintiff* |
| Dated: August 23, 2023 | Dated: August 23, 2023 |

**SO ORDERED.**

*[signature: Jessica Clarke]*

**JESSICA G. L. CLARKE**
United States District Judge

**Dated:   New York, New York
         August 24, 2023**

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| NICKIE VLADO, |
| |
| Plaintiff/Counter-Defendant, |
| |
| v. |
| |
| CMFG LIFE INSURANCE COMPANY, |
| |
| Defendant/Counter-Plaintiff. |

1:23-CV-03234 (JCLG)

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Designated Material that have been designated as Confidential. I agree that I will not disclose such Confidential Designated Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____