December 1, 2023

**VIA ECF**

Jessica G. L. Clarke, United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

      Re:  *Vlado v. CMFG Life Insurance Company,* Index No. 23 Civ. 3234

Judge Clarke:

      We write to address a series of outstanding issues pertaining to the conduct of Defendant CMFG Life Insurance Company ("CMFG") in discovery, which CMFG has not only failed to rectify, but with respect to which it has also refused to commit to any timeline for resolution.  The issues consist of the following:

    (a)    CMFG's failure to provide identifying information concerning its agents who participated in taped calls concerning policies that CMFG issued on the life of Sally Green, Plaintiff's mother ("Decedent");

    (b)    CMFG's failure to confirm Plaintiff's proposed December 19, 2023 date for 30(b)(6) depositions, or to propose any alternative dates for such depositions; and

    (c)    CMFG's failure to timely produce and/or confirm whether it has two sets of documents referenced in its prior disclosures which are responsive to Plaintiff's original set of document requests, namely: (i) premium payment data concerning the life insurance policy at issue in this action (insuring Decedent and naming Plaintiff as beneficiary) (the "Policy") and (ii) a "Suspicious Acitvity" report concerning a separate life insurance policy for Decedent issued in January 2020, naming Plaintiff's sister – Dana Valdo – as beneficiary (the "Dana Vlado Policy").

      Plaintiff respectfully requests that this Court order CMFG to address the above issues, as described below, by December 11, 2023.  The parties have attempted to resolve some or all of these issues through prior correspondence and at least two telephonic meet-and-confer calls on November 10, 2023 and November 28, 2023.[1]

      **Plaintiff's Position**

      Plaintiff has already been compelled to petition the Court for an extension of discovery due to CMFG's belated disclosure of relevant materials, which commenced in late September 2023

---

[1] Apart from the instant footnote, the undersigned counsel transmitted a substantively identical copy of this letter to CMFG's counsel on Tuesday, November 28, 2023 at 5:53 p.m. and requested that CMFG set forth its position concerning the instant dispute by 6:00 p.m. today (December 1). The undersigned followed up with opposing counsel again today via telephone and email. CMFG's counsel did not respond.  Consistent with the Court's Individual Practice Rules, a copy of the undersigned's correspondence requesting CMFG's contribution is attached hereto.

Hon. Jessica G. L. Clarke
December 1, 2023
Page 2

(*see* ECF No. 30, at 3-4),[2] and has continued through late November 2023.  The current discovery issues referenced above, and CMFG's refusal to commit to any deadline to resolve them, create the real and present danger that even the newly entered discovery deadline – of January 12, 2024 – will not suffice.  This Court's intervention is therefore required to preserve Plaintiff's right to timely discovery.

### A.  *CMFG's Failure to Provide Identifying Information Concerning Its Agents*

In disclosures transmitted to Plaintiff in September and October 2023, CMFG produced over 35 taped calls, involving what appear to be over 30 different CMFG agents engaged in discussions concerning both the Policy and the Dana Vlado Policy.  Although, in interrogatories dated August 22, 2023, Plaintiff had previously requested that CMFG provide identifying information for all agents who participated in such calls, for many of the produced calls CMFG provided only agent names and nothing else, and for a portion of the calls, it provided no identifying information whatsoever.  CMFG's conduct in this regard is inconsistent with the Local Rules of this Court, which require that identifying information include an individual's "full name, present or last known address, and . . . present or last known place of employment." Local Civil Rule 26.3(c)(3).  Even so, and notwithstanding CMFG's incomplete disclosures, in order to devise an efficient path forward and avoid imposing unnecessary burdens on CMFG, Plaintiff proposed forgoing the broad reach of its interrogatories, as written, in favor of a narrower approach targeting particularly identified calls and agents.  Unfortunately, that approach has proven unworkable.  On October 20, 2023, Plaintiff requested identifying information for an agent named Jamie Drape appearing on one of the taped calls in CMFG's productions.  Over one month later, CMFG has yet to provide any identifying information (beyond representing that Ms. Drape is no longer a CMFG employee).  Worse yet, CMFG has failed to commit to any deadline by which such information will be provided.  More recently, on November 22, 2023, Plaintiff requested that CMFG provide identifying information for five agents currently identified only by their first names ("Rhonda", "Susan", "Magie", "Jodie", and "Rachel") in three taped calls among CMFG's productions.  Again, CMFG has yet to provide the requested identifying information and has refused to propose or abide by any timeline for the disclosure of this information.

CMFG's failure to provide the requested identifying information makes it impossible to reach out to these witnesses (to the extent not represented by other counsel) or to reasonably plan for their potential depositions (or prepared a subpoena for such depositions, if necessary).  Absent enforceable deadlines by which CMFG will provide the requested agent information, Plaintiff will be unable to reasonably proceed with discovery in a timely manner.

---

[2]   As further noted in Plaintiff's motion to amend and extend discovery (ECF No. 30, at 4), Plaintiff only learned that the documents in CMFG's belated productions existed by virtue of the compelled disclosure of documents concerning Plaintiff's father's policy (the "Vlado Policy File"), whose production CMFG had erroneously opposed as irrelevant and which it had sought to withhold.  (*See also* ECF No. 23 (discovery dispute letter and order regarding Vlado Policy File).)

Hon. Jessica G. L. Clarke
December 1, 2023
Page 3

### B. CMFG's Failure to Confirm Dates for the Noticed 30(b)(6) Deposition

On October 24, 2023, Plaintiff served an Amended Notice of 30(b)(6) Deposition on CMFG.[3] While Plaintiff noticed the deposition for November 6, 2023 – which, at the time, was the existing deadline for fact discovery – due to additional anticipated productions by CMFG and Plaintiff's pending request to extend the discovery schedule, counsel promptly reached out to opposing counsel to identify a mutually convenient later date to proceed. Plaintiff's counsel followed up regarding scheduling in multiple subsequent emails and meet-and-confer calls and has repeatedly asked CMFG to either confirm that it can proceed with the 30(b)(6) deposition on December 19, 2023, or, if not, that it propose alternative dates. CMFG has failed to do so. Plaintiff respectfully submits that, in order to proceed with discovery in a timely and reasonable manner, CMFG must be ordered, by no later than December 11, 2023, to either confirm Plaintiff's proposed deposition date or provide alternative deposition dates no later than December 22. 2023.

### C. CMFG's Failure to Produce or Address Responsive Documents Referenced in Its Productions

On May 25, 2023, at the outset of discovery in this action, Plaintiff requested that CMFG produce all documents concerning CMFG policies in which Decedent was the insured. As early as August 21, 2023, CMFG's counsel represented during a meet-and-confer call that CMFG had produced substantially all documents responsive to these document requests. CMFG's counsel made the same representation in multiple subsequent meet-and-confer calls. Nevertheless, throughout this period, Plaintiff has repeatedly highlighted references in CMFG's document productions that appear to demonstrate gaps in CMFG's disclosures and has requested that CMFG follow up on the same. In response, CMFG generally has either (eventually) produced the referenced documents or indicated that it does not have records of them. Unfortunately, invariably it has failed to do so within any agreed upon timeframe, a practice which has consistently resulted in extended and unexplained delays. At present, two iterations of the above-described back-and-forth remain unresolved. First, on October 4, 2023, Plaintiff's counsel noted that, in taped calls produced to Plaintiff, CMFG agents referenced a log of prior premium payments, but that CMFG produced no such logs. Second, on November 10, 2023, Plaintiff's counsel noted that a spreadsheet produced to Plaintiff indicated that a ""Suspicious activity and anti-money laundering report" had been prepared with respect to the Dana Vlado Policy, but that CMFG had produced no such report. Plaintiff's counsel has followed up on both issues in multiple subsequent emails and meet-and-confer calls, including the latest meet-and-confer call held on November 28, 2023. While CMFG's counsel has indicated it is reviewing these issues, counsel has refused to provide a timeframe within which it will respond. Given the approaching deadline for fact discovery, CMFG's wait-and-see approach is no longer tenable. In order to reasonably ensure the timely completion of discovery, Plaintiff respectfully submits that CMFG must be ordered to produce the outstanding referenced materials or confirm that it has no record of them by December 11, 2023.

---

[3] The Amended Notice included many of the same topics set forth in Plaintiff's original notice of 30(b)(6) deposition, served on September 26, 2023, but also incorporated additional topics based on discovery produced by CMFG in the interim.

Hon. Jessica G. L. Clarke
December 1, 2023
Page 4

**Defendant's Position**

Respectfully submitted,

By:   /s/ Eyal Dror
Eyal Dror
TRIEF & OLK
750 Third Avenue, Suite 2902
New York, New York 10017
Tel: (212) 486-6060
Email: edror@triefandolk.com

*Attorneys for Plaintiff*

Encl.