UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICKIE VLADO,

Plaintiff/Counter-
Defendant,

-against-

CMFG LIFE INSURANCE COMPANY,

Defendant/Counter-
Claimant.

23-CV-3234 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

This case arises out of a life insurance dispute. Plaintiff/Counter-Defendant Nickie Vlado ("Vlado") sued Defendant/Counter-Claimant CMFG Life Insurance Company ("CMFG") in order to collect the life insurance benefits she claimed she was owed after her mother, Sally Green, passed away. But CMFG discovered misrepresentations about Green's medical history and alleged misrepresentations about who completed her policy application, and subsequently refused to pay the benefits. CMFG then brought a counterclaim against Vlado, contending that the alleged misrepresentations amounted to fraud.

In late 2024, CMFG moved for summary judgment on Vlado's claims and on its counterclaim. Vlado cross-moved for partial summary judgment on two of her claims and sought to dismiss CMFG's counterclaim. On September 30, 2025, the Court issued an Opinion & Order granting in part and denying in part CMFG's motion for summary judgment and denying Vlado's motion for partial summary judgment. ECF No. 110 (the "Opinion"). Broadly, the Court found that Vlado's claims for breach of contract, fraud, consumer fraud, and a declaratory judgment did not survive summary judgment, but that genuine issues of material fact precluded the Court from granting summary judgment on CMFG's counterclaim. *See generally* Opinion.

Now, Vlado asks the Court to certify for interlocutory appeal those parts of its Opinion that turned on New Jersey's Insurance Fraud Prevention Act ("IFPA"), as well as on New York and New Jersey's relevant consumer fraud statutes (the "Consumer Fraud Statutes"), and to stay the case until the appeal is resolved. *See* ECF No. 111; *see also* ECF No. 112 ("Pl. Mem. of Law"). For the reasons stated below, that motion is DENIED.

Certification of an interlocutory order for immediate appeal "is only appropriate if the district court determines: '(1) that such order involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) that an immediate appeal from that order may materially advance the ultimate termination of the litigation.'" *Aldana v. GameStop, Inc.*, No. 22-CV-7063 (LTS), 2024 WL 3104345, at *1 (S.D.N.Y. June 24, 2024) (quoting *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014)) (cleaned up); *see also* 28 U.S.C. § 1292(b). "The moving party has the burden of establishing all three elements." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (internal citation omitted).

"[I]nterlocutory appeals are 'strongly disfavored.'" *Flynn v. Cable News Network, Inc.*, 621 F. Supp. 3d 432, 441 (S.D.N.Y. 2022) (quoting *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010)). "Only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Liberty Mut. Ins. Co. v. The Fairbanks Co.*, 208 F. Supp. 3d 545, 546 (S.D.N.Y. 2016) (internal quotation marks and citation omitted). "Even if Plaintiff[] could meet the statutory criteria here, district court judges have broad discretion to deny certification" because a "basic tenet of federal law is to delay the appellate review until a final judgment." *Shinano Kenshi Corp. v. Honeywell Int'l*

*Inc.*, No. 22-CV-3704 (LGS), 2024 WL 245985, at *5 (S.D.N.Y. Jan. 23, 2024) (internal citations and quotation marks omitted).

After a careful review of the parties' briefing on this issue, the Court agrees with Defendant that an interlocutory appeal is unwarranted. First, the questions of law that Plaintiff identifies—under New Jersey's incontestability law and the Consumer Fraud Statutes—are not "controlling" for the purposes of an interlocutory appeal. "A question of law is 'controlling' if reversal of the district court's order would terminate the action." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) (internal citation and quotation marks omitted); *see also S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (explaining that a court should also consider whether reversal "could significantly affect the conduct of the action" or whether "the certified issue has precedential value for a large number of cases").

Here, a different interpretation of New Jersey's incontestability law would "certainly affect this action"—but it would not terminate or resolve it. *See Century Pac., Inc.*, 574 F. Supp. 2d at 372. That is because, alongside its medical misrepresentation defense, Defendant raised an imposter defense. *See* Opinion at 11. The Court purposefully did not address the imposter defense because it found that Defendant's medical misrepresentation defense was dispositive. *See id.*; ECF No. 115 ("Opp.") at 4. Therefore, even if the Second Circuit were to reverse the Court's decision on incontestability and medical misrepresentation, Defendant would still be able to make use of its imposter defense. The Second Circuit would not unilaterally wipe that away. *Cf.* ECF No. 116 ("Reply") at 4.

Where, as here, there is "at least one alternative basis for a district court's ruling, the party seeking appeal cannot raise a 'controlling question' that should be reviewed on an

3

interlocutory basis." *Youngers*, 228 F. Supp. 3d at 298 (quoting *Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 95 (2d Cir. 2004)) (cleaned up). Accordingly, the Court finds that its interpretation of New Jersey incontestability doctrine is not "controlling" under Section 1292(b).

The same is true of the Court's analysis of the Consumer Fraud Statutes. This question "fails [Section] 1292(b)'s test" because "it is a mixed question of law and fact, rather than a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Hart v. Rick's Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382, 394 (S.D.N.Y. 2014) (internal citation and quotation marks omitted). "[Q]uestions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b)." *In re Facebook*, 986 F. Supp. 2d at 536 (internal citation omitted). Indeed, the "antithesis of a proper Section 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* (citing *Mills v. Everest Reins. Co.*, 771 F. Supp. 2d 270, 275–76 (S.D.N.Y. 2009)).

The Court's "determination concerning the Consumer Fraud Statutes," however, did not turn on a pure question of law. Pl. Mem. of Law at 7. Instead, the Court made clear that it dismissed Plaintiff's consumer fraud claims because Vlado "failed to put forth sufficient *evidence* of wrongdoing on CMFG's part . . . ." Opinion at 24 (emphasis added). Accordingly, the Consumer Fraud Statutes also do not present any "controlling" questions of law in this case.

Second, an immediate appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Courts "place particular weight" on this element of the Section 1292(b) analysis, *In re Facebook*, 986 F. Supp. 2d at 531 (internal citation omitted), because they seek to "avoid protracted litigation," *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d

4

863, 865–66 (2d Cir. 1996). But, here, an interlocutory appeal would invite protracted and "piecemeal" litigation. *Garber v. Off. of the Com'r of Baseball*, 120 F. Supp. 3d 334, 339 (S.D.N.Y. 2014) (quoting *In re AroChem Corp.*, 176 F.3d 610, 619 (2d Cir. 1999)).

As this case currently stands, only Defendant's counterclaim remains. And as Defendant correctly highlights, this "is a narrow claim in an action where discovery has been completed, the factual record is developed and complete, and all that remains is to take the one remaining claim to trial." Opp. at 10. Were the Court to certify Plaintiff's questions for appeal, then, the case would be split in two; Defendant would be forced to await the resolution of the appeal to proceed with its counterclaim; and the case would be no closer to completion. The result would be clear: the "further delay of trial." *Garber*, 120 F. Supp. at 339. Moreover, as explained above, a reversal on appeal would not curtail the questions at issue; it would only expand the case. Plaintiff has therefore failed to show the "exceptional circumstances justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Facebook*, 986 F. Supp. 2d at 535 (cleaned up). An interlocutory appeal would not "materially advance the ultimate termination" of this case. 28 U.S.C. § 1292(b).

The Court need not, then, opine on whether a substantial ground for a difference of opinion exists here. Plaintiff has failed to meet at least two of the three elements required to warrant an interlocutory appeal—including the most important element. And Plaintiff, as the moving party, "has the burden of establishing all three elements." *Youngers*, 228 F. Supp. 3d at 298 (internal citation omitted).

Accordingly, Plaintiff's motion for a certification of an interlocutory appeal, and for a stay pending that appeal, is DENIED. The parties are DIRECTED to file a joint status letter by **May 8, 2026**, providing their availability for trial in October, November, or December of 2026.

Any trial is likely to take place in White Plains, New York, where the undersigned is now located. The Clerk of Court is respectfully directed to terminate ECF No. 111.


Dated: April 23, 2026
       White Plains, New York

                                          SO ORDERED.

                                          *Jessica Clarke*

                                          JESSICA G. L. CLARKE
                                          United States District Judge